FILED
July 17, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002785177

3
Susan M Didriksen, Chapter 7 Trustee
PO Box 1460
Shingle Springs, CA 95682
Tel: (530)232-6119
E-mail: didriksen1@gmail.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re: | Case No. 10-27662-A-7 |
|---|---|
| | DCN: SMD - 1 |
| **JASON WOOSUK JOO and,** | |
| | DATE: September 7, 2010 |
| **YOUNG HEE JOO**, | TIME: 9:00 A.M. |
| | DEPT: A |
| Debtors. | COURTROOM: 28 (7th Floor) |

**TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY OF THE ESTATE**

TO: THE HONORABLE MICHAEL S. MCMANUS, JUDGE, U. S. BANKRUPTCY COURT; THE OFFICE OF THE U. S. TRUSTEE; AND THE ABOVE-CAPTIONED DEBTOR.

The undersigned, Susan M. Didriksen, the court appointed Chapter 7 Trustee (the "Trustee") in the above-captioned Bankruptcy estate of Jason Woosuk Joo and Young Hee Joo, (the "Debtors"), hereby requests that this Court approve the sale of the Bankruptcy's Estate's interest in the business property described as a Type 21 Off-Sale General Liquor License, 21-445361, in Plumas county, for a total of $22,000 cash, in an "as is" condition to Chester Chevron LP. In support of this motion, the undersigned Trustee respectfully represents the following:

1. The Debtors filed a voluntary Chapter 7 Bankruptcy Petition on or about March 26, 2010, and an Order for Relief was entered thereon.

2. Susan M. Didriksen was appointed as the Interim Chapter 7 Trustee on or about March 26, 2010, and continues to serve in that capacity.

3. The Court has jurisdiction over the current motion under 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (N) and (O).

4. The Debtors filed a Schedule B on or about March 26, 2010, and disclosed business property described as follows:

"Type 21 Off-Sale General Liquor License (#445361)"

(hereinafter referred to as the "Liquor License"), having a disclosed market value of $17,000.

5. The Debtors' amended Schedule "C" filed on or about May 29, 2010, claimed a monetary exemption pertaining to the Liquor License in the amount of $17,725 pursuant to C.C.P. §703.140(b)(5) exemption. Additionally, the Debtors amended the "Current Value of Property without Deducting Exemption" to $30,000.

6. The Debtors' Schedule D filed on March 26, 2010, disclosed no debt secured by the Liquor License.

7. The Trustee has received an offer to purchase the aforementioned Liquor License from Chester Chevron L.P. for $22,000, payable as follows:

| | |
|---|---|
| Initial Deposit: | $ 4,000 |
| Deposit Prior to Close of Escrow: | $18,000 |
| Total Cash Thru: | $22,000 |
| Total Consideration: | $22,000 |

8. In addition to the purchase price, the Buyer/Transferee agrees to pay 100% of the escrow fees and costs in this transaction.

9. The undersigned Trustee believes that the immediate liquidation of the Subject Business Property is in the best interest of the Bankruptcy Estate. Therefore, the Trustee requests the approval from this Court to sell the aforementioned Liquor License to Chester Chevron L.P. for the amount of $22,000, less credit in the amount of $17,725.00 representing the Debtor's claimed C.C.P. §703.140(b)(5) exemption, subject to any overbids tendered at the Court hearing.

10. At the Court hearing, the Trustee will request that the Court solicits overbids. The Trustee further requests that overbids, if any, be submitted in minimum increments of $500.00 from qualified bidders who much contact the Trustee at least twenty-four hours prior to this hearing. Any successful over bidder must remit the full amount of the cash selling price to the Trustee within twenty-four hours after the Court hearing is concluded.

11. The Trustee further requests authority to pay from the proceeds of the sale the Debtors' monetary exemption on the amount of $17,725 representing the their claimed C.C.P. §703.140(b)(5) exemption.

WHEREFORE, the undersigned Trustee respectfully requests that this Court: A.) Approve the sale of the aforementioned Liquor License to Chester Chevron L.P. in the manner stated herein, B.) Provide authority for the Trustee to execute all documents necessary to complete the contemplated sale; C.) Provide authority for the Trustee pay the exempted amount of $17,725.00 directly to the Debtors from the sale of proceeds of the subject Liquor License; and, D.) Provide for such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 17, 2010

/s/ Susan M. Didriksen
Susan M. Didriksen, Chapter 7 Trustee